### HENRY NICHOLS v. THE STATE.

No. 11349.    Delivered March 7, 1928.

**Possessing Intoxicating Liquor—Affidavit for Search Warrant—Insufficient.**

Where appellant's residence was searched by officers, operating under a search warrant issued upon a complaint containing no averment of any fact showing probable cause, evidence secured as a result of such search was inadmissible. See Chapin v. State, 296 S. W. 1095.

Appeal from the District Court of Hardin County. Tried below before the Hon. Geo. C. O'Brien, sitting in exchange of benches with the Hon. Thos. B. Coe, Judge of the Seventy-sixth Judicial District.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Coe & Briggs* of Kountze, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense the possession of intoxicating liquor for the purpose of sale; penalty one year in the penitentiary.

Evidence was introduced over proper and timely objection that whiskey was found in appellant's residence. The officer who gave this testimony was operating under an invalid search warrant issued upon a complaint containing no averment of any fact showing probable cause, all of which appears by proper bill of exception. This case is ruled by that of Chapin v. State, 296 S. W. 1095, which has been uniformly followed by this court since its rendition.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.